UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH J. HESKETH III, on his behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL RENAL CARE, INC., on its own behalf and on behalf of other similarly situated persons,<br><br>Defendants. | No. 2:20-cv-01733<br><br>NOTICE OF REMOVAL |

TO: **THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Total Renal Care, Inc. ("Defendant" or "TRC") removes this action to this Court from the Superior Court of the State of Washington for King County. In support of this Notice, TRC respectfully states:

**STATE COURT ACTION**

1. Plaintiff Joseph J. Hesketh III ("Plaintiff") commenced this action on October 22, 2020, by filing a Complaint for Damages in the Superior Court of the State of Washington for King County, where it was assigned Case No. 20-2-15575-6 SEA. TRC was served with the

NOTICE OF REMOVAL
(No. 2:20-cv-01733) –1

150179443.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Summons and Complaint on October 26, 2020. No further proceedings in this matter have been held in the Superior Court for King County.

2. Plaintiff's Complaint alleges a single breach of contract claim and seeks related damages along with prejudgment interest on any liquidated damages. Complaint ("Compl.") at ¶¶ 54, 57-58.

## GROUNDS FOR REMOVAL

3. This action is removeable under 28 U.S.C. § 1441 because the Court has original jurisdiction under CAFA. *See* 28 U.S.C. §§ 1332(d)(2) and 1453(b) (setting procedure for removing class actions).

4. CAFA allows defendants to remove class actions to federal court if three conditions are met: "[1] there must be minimal diversity of citizenship between the parties; [2] the proposed class must have at least 100 members; and [3] the aggregated amount in controversy must equal or exceed … $5 million." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1182 (9th Cir. 2015). Indeed, when passing CAFA, the Senate Judiciary Committee explained, "[b]ecause interstate class actions typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit, the Committee firmly believes that such cases properly belong in federal court." S. Rep. No. 109-14, at 5 (2005).

5. This action satisfies all three of CAFA's removal requirements.

### There is Minimal Diversity

6. CAFA's diversity requirement is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

7. Plaintiff Hesketh is a citizen of, and resides in, the State of Washington. Compl. ¶ 17.

NOTICE OF REMOVAL
(No. 2:20-cv-01733 ) –2

150179443.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

8. Defendant TRC is incorporated under the laws of the State of California and its principal place of business is in the State of Colorado. Defendant is therefore a citizen of Colorado and California.[1] *See* 28 U.S.C. § 1332(c)(1).

9. CAFA's diversity requirement is satisfied because Plaintiff and Defendant are citizens of different states.

### There are More than One Hundred Class Members

10. The proposed class includes "all non-exempt employees" who worked for Defendant "on and after January 31, 2020" and "were not paid the premium pay equal to 1/2 times their based rates for any work performed after the declaration of emergency." Compl. ¶ 27.

11. This class contains "hundreds, if not thousands of individuals." Compl. ¶ 28.

12. A class of "hundreds, if not thousands" is sufficiently large to satisfy the CAFA's at least 100-member class size requirement.

### The Amount in Controversy Exceeds Five Million Dollars

13. Plaintiff does not plead a specific amount in controversy, so Defendant need only make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing *Dart Basin Operating Co. v. Owens*, —— U.S. ——, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014)).

14. "[A] defendant satisfies the amount-in-controversy requirement under CAFA if it is reasonably possible that it may be liable for the proffered punitive damages amount." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). Undisputed declarations identifying an amount in controversy greater than five million dollars are sufficient to establish CAFA's amount in controversy requirement is met. *See Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013).

---

[1] TRC's parent company, DaVita (not named as a defendant), is incorporated under the laws of the State of Delaware and its headquarters are located in Colorado.

NOTICE OF REMOVAL
(No. 2:20-cv-01733 ) –3

150179443.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

15. Plaintiff alleges Defendant breached an agreement by failing to pay class members premium pay for the regularly schedule hours worked after a national emergency was declared on January 31, 2020, and seeks damages flowing from this alleged breach. Compl. ¶¶ 13, 54, 57.

16. Premium pay (.5 times regular base rate) for the regular hours worked by putative class members in Washington from January 31, 2020 through October 31, 2020 amounts to more than $23 million. *See* Declaration of Carol Strong ("Strong Decl.") at ¶ 4. Premium pay (.5 times regular base rate) for the regular hours worked by putative class members in Washington between January 31, 2020 and the change to the Disaster Relief Policy on March 31, 2020, totals $5,082,320. *Id*. at ¶ 6.

17. The calculations—$23 million or $5.08 million—satisfy CAFA's amount in controversy requirement for even just a single state and no matter which of the two time periods are used.

**None of CAFA's Jurisdictional Exceptions Bar Removal of This Case**

18. This action does not fall within any of the CAFA's jurisdictional exceptions that bar removal.

19. Under CAFA, federal courts must decline to exercise jurisdiction over class actions where (1) more than two-thirds of the proposed plaintiff class members are citizens of the state in which the action was originally filed, (2) at least one defendant is a citizen of the state in which the action was originally filed, and (3) the principal injuries resulting from the alleged conduct were incurred in the state where the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(A).

20. This action does not meet these requirements: Defendant TRC is not a citizen of Washington state, where the action was originally filed. Compl. ¶ 18.

21. Finally, none of CAFA's subject-matter exceptions to federal jurisdiction apply because the Complaint does not bring claims involving securities or corporate governance. *See*

NOTICE OF REMOVAL
(No. 2:20-cv-01733 ) –4

150179443.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

28 U.S.C. §§ 1332(d)(9), 1453(d) (both explaining § 1332(d)(2) does not apply to cases arising under certain sections of the Securities Act of 1933, the Securities Exchange Act of 1934, or state corporate governance laws).

## ACTION REMOVABLE AND INTRADISTRICT ASSIGNMENT

22. This action is removeable to this Court under 28 U.S.C. § 1441 because this Court would have had original jurisdiction over Plaintiff's claim had it been initially filed in federal court. This Court is the district court of the United States for the district and division "embracing the place where [the state court] action is pending," and is therefore the appropriate court for removal. 28 U.S.C. § 1441(a).

23. TRC chooses to remove this action to the Seattle Division of this Court because, as pled, Plaintiff's claims arose in King County and the action is pending there. *See* Compl. ¶ 19, 20; LCR 3(e)(1).

24. This Notice is filed with the Court within thirty days after TRC received the Complaint, in accordance with 28 U.S.C. § 1446(b). *See also* 28 U.S.C. § 1453(b) (explaining class actions may be removed in accordance with § 1446).

## PLEADINGS FILED

25. Copies of all process and pleadings filed in this case and found in the files of the Superior Court of the State of Washington for King County are attached to the Verification of State Court Record filed with this Notice. *See* LCR 101(b).

DATED: November 23, 2020

By: s/ Chelsea Dwyer Petersen
Chelsea Dwyer Petersen #33787
Attorney for Defendant Total Renal Care, Inc.
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: CDPetersen@perkinscoie.com

NOTICE OF REMOVAL
(No. 2:20-cv-01733 ) –5

150179443.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 23, 2020, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Christina L Henry, WSBA 31273<br>Email: chenry@hdm-legal.com<br>HENRY & DEGRAAFF, PS<br>787 Maynard Ave S<br>Seattle, WA 98104<br>Telephone: 206-330-0595<br>Facsimile: 206-400-7609<br>*Attorney for Plaintiffs* | ____ Via Hand Delivery<br>____ Via U.S. Mail, 1st Class, Postage Prepaid<br>____ Via Overnight Courier<br>____ Via Facsimile<br>**X** Via E-Filing |
| J. Craig Jones<br>*Pro Hac Vice Forthcoming*<br>Email: craig@joneshilllaw.com<br>JONES & HILL, LLC<br>131 Highway 165 South<br>Oakdale, LA 71463<br>Telephone: 318-335-1333<br>Facsimile: 318-335-1934<br>*Attorney for Plaintiffs* | ____ Via Hand Delivery<br>____ Via U.S. Mail, 1st Class, Postage Prepaid<br>____ Via Overnight Courier<br>____ Via Facsimile<br>**X** Via E-Filing |
| Scott C. Borison<br>*Pro Hac Vice Forthcoming*<br>Email: scott@borisonfirm.com<br>BORISON FIRM, LLC<br>1900 S. Norfolk Rd. Suite 350<br>San Mateo CA 94403<br>Telephone: 301-620-1016<br>Facsimile: 301-620-1018<br>*Attorney for Plaintiffs* | ____ Via Hand Delivery<br>____ Via U.S. Mail, 1st Class, Postage Prepaid<br>____ Via Overnight Courier<br>____ Via Facsimile<br>**X** Via E-Filing |

DATED this 23rd day of November 2020 in Seattle, Washington.

*s/ Kyle Koats*
Kyle Koats, Legal Practice Assistant

CERTIFICATE OF SERVICE
(No. 2:20-cv-01733) –1

150179443.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000