Christina L. Henry, WSBA# 31273
chenry@hdm-legal.com
Henry & DeGraaff, PS
787 Maynard Ave S
Seattle, WA 98104
Tel: +1-206-330-0595
Fax: +1-206-400-7609

Other Counsel on Signature Page

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Joseph J. Hesketh III,<br>*on his behalf and on behalf of other similarly situated persons*<br><br>Plaintiff,<br><br>v.<br><br>Total Renal Care, Inc, on its own behalf and on behalf of other similarly situated persons,<br><br>Defendants. | Case No:<br><br><br><br>CLASS ACTION COMPLAINT<br><br>(JURY DEMAND) |

Plaintiff, Joseph J. Hesketh III, individually, and on behalf of all other similarly situated, sues Defendant, Total Renal Care, Inc. ("Total") individually, and on behalf of all others similarly situated and alleges:

## I.   OVERVIEW

1.   An employee has the right to be paid for the time the employee does work for an employer at the rates the parties have agreed. This action is filed because the Defendants and others failed to pay the Plaintiff and the other class members the amounts they were due to be paid for the work they performed and which the Defendants agreed to pay.

COMPLAINT - 1

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

2.     Total is an integral part of DaVita, Inc. (DaVita) (formerly known as Total Renal Care Holdings, Inc.) DaVita is a nationwide entity that employs 77,000 people to operate its profit driven business model through a number of entities controlled and operated by DaVita. Employees of Total and the other entities are led to be believe that they all part of a single "village" down to including the registered trademark of DaVita on their paychecks. DaVita describes itself as entity that "…we provided dialysis and administrative services and related laboratory services throughout the U.S. via a network of 2,753 outpatient dialysis centers in 46 states and the District of Columbia, [1]

3.     As of December 31, 2019, DaVita operated or provided administrative services through a network of 2,753 outpatient dialysis centers in the U.S. [2]  This includes 53 locations in Washington State.

4.     Plaintiff is an employee of Total and a member of the DaVita village and began working Total over thirteen (13) years ago.

5.     DaVita maintains and publishes an employee handbook titled "Teammate Policies" which contains certain conditions of employment; the handbook states what is expected of DaVita employees and, inter alia, how DaVita will compensate its employees for their loyalty and work, under certain situations.

---

[1] See DaVita, Inc.'s 2019 10k available at https://www.sec.gov/ix?doc=/Archives/edgar/data/927066/000092706620000014/dva-12311910k.htm#s967C77CBE804541FAE5B78B764C16026

[2] Id.

COMPLAINT - 2

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

6. The Teammate Policies handbook, under the Compensation section, included a "Disaster Relief Policy" that sets out DaVita's pay practices for non-exempt employees who miss work during a declared emergency, in whole or in part, and those non-exempt employees who can and do work during a declared emergency.

7. The Disaster Relief Policy provides for pay continuance during an emergency time frame when a declared emergency or natural disaster prevents teammates from performing their regular duties and state that: "[a] declared emergency or natural disaster shall be proclaimed by either the President of the United States, a state Governor or other elected official, or if local leadership (DVP/Palmer) deems it appropriate. In the event of a state or federally declared natural disaster, this policy provides information relative to pay practices, work schedules and facility or business office coverage."

8. Under the section titled "Pay Practices For Non-Exempt Teammates" DaVita establishes the pay practices for three emergency or natural disaster scenarios:

   a. if non-exempt employees are unable to work because "a facility or business office is closed during a declared emergency or natural disaster," those non-exempt employees will be paid for their regularly scheduled hours at regular pay;

   b. if "a facility or business office opens late or closes early a declared emergency or natural disaster," non-exempt employees will be paid for their regularly scheduled hours at regular pay, even if the employees are unable to work their full schedules because of the emergency or natural disaster; and

   c. if "a facility or business office is open during the designated time frame" employees who work their regularly scheduled hours will be paid premium pay.

COMPLAINT - 3

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

9. "Premium pay" is defined as one and one half times regular pay, unless state law dictates otherwise.

10. The clear import of the "Pay Practices For Non-Exempt Teammates" is that every non-exempt DaVita employee who works his or her regularly scheduled hours during a declared emergency will be paid premium pay.

11. The "Pay Practices For Non-Exempt Teammates" is a method of attracting and retaining employees whose knowledge and skills are valuable to the business profit model developed by DaVita. It is not altruism.

12. DaVita's policy and practice is to provide actual notice to its employees before any changes to its pay policies take effect.

13. A national emergency was declared on January 31, 2020.

14. The Plaintiff, who is a non-exempt employee, continued to work his regularly scheduled hours for Defendants after the state of emergency was declared.

15. Defendants did not pay Plaintiff premium pay for the regularly scheduled hours he worked during the time of the state of emergency. Instead, DaVita attempted to later change the terms of the Teammate Policies handbook to now exclude the present emergency from those emergencies covered by the Disaster Relief Policy by a notice sent out in September, 2020.

16. Whether or not DaVita's effort to unilaterally change the pay agreement with its non-exempt employees is effective, there is a period of time before the attempted effort was made in which the Disaster Relief Policy applied and the premium pay was due to Plaintiff and all other non-exempt employees.

COMPLAINT - 4

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

## II. PARTIES

17. Plaintiff, Joseph J. Hesketh, III, is an individual who is a citizen of and resides in, the State of Washington.

18. Defendant Total appears to be a California corporation although court disclosure filings made on its behalf are conflicting as to its state of incorporation. DaVita is a Delaware Corporation. Both list their principal place of business at the same address in Denver, Colorado. Its agent for service of process is Corporation Service Company, 1900 W. Littleton CO 80210.

## III. JURISDICTION AND VENUE

19. This Court has jurisdiction over Total and the Defendant Class Members who regularly conduct business in Kings County, Washington.

20. Venue is proper in in King County Superior Court because Total and the Defendant Class Members transact business, in King County, Washington.

## IV. ALLEGATIONS COMMON TO PLAINTIFF AND THE CLASS AGAINST THE DEFENDANT AND THE CLASS OF DEFENDANTS.

21. Plaintiff and class members (hereinafter collectively "Plaintiff Class Members") are employed by Total and the Defendant Class Members.

22. Plaintiff Class Members provided services to the Defendant Class Members after the national emergency declared on January 31, 2020.

23. The Defendant Class Members failed to pay the Plaintiff Class Members premium time as promised in the Teammates Policy handbook.

COMPLAINT - 5

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

24. The Plaintiff Class Members are entitled to the premium pay for the hours they worked as they were promised.

25. The amounts owed to the Plaintiff Class Members are liquidated amounts.

### V. CLASS ALLEGATIONS AS TO PLAINTIFF CLASS

26. Plaintiff brings this complaint individually and on behalf of a class of all other persons similarly situated.

27. The class is comprised of all non-exempt employees of the Defendant Class Members who:

    a. Worked for the Defendant Class Members on and after January 31, 2020;

    b. Were not paid the premium pay equal to ½ times their base rate, for any work performed after the declaration of emergency.

28. Based on the number of clinics operated by the Defendant Class Members in the United States, upon information and belief, the class is so numerous as to make it impracticable to join all members of the class of plaintiffs. On information and belief, the class is comprised of hundreds, if not thousands of individuals.

29. There are questions of law and fact which are common to all members of the Plaintiff Class, which questions predominate over any question affecting only individual class members, the principal common issues are:

    a. whether Plaintiff Class Members are entitled to be paid the premium pay for the hours they worked for the Defendant Class Members since the declaration of an emergency; and

COMPLAINT - 6

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

b. Whether the Plaintiff Class Members are entitled to prejudgment interest on any amounts they are owed by the Defendant Class Members.

30. The only individual questions concern the identification of class members and the computation of the relief to be afforded each class member and can be determined by a ministerial examination of the Defendant Class Members' records.

31. Plaintiff's claims are typical of the claims of the Plaintiff Class Members. Upon information and belief, the Defendant Class Members treated all of the Plaintiff Class Members the same by failing to pay premium time since the declaration of an emergency.

32. Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action. He is similarly situated with, and has suffered similar injuries as, the members of the class he seeks to represent. He feels he has been wronged and wishes to obtain redress of the wrong. To that end, plaintiff has retained counsel experienced in handling class action suits involving claims as set forth in this complaint. Neither the named plaintiff nor his counsel have any interest which might cause them not to vigorously pursue this action.

33. The Defendant Class Members have and are acting in a uniform manner with respect to the entire class and on grounds uniformly applicable to the class.

34. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. The amounts involved on an individual basis make pursuit of individual actions unlikely.

36. The concentration of the litigation concerning this matter in this Court is desirable if the court.

37. A failure of justice will result from the absence of a class action.

COMPLAINT - 7

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

38. Plaintiff Class Members were damaged by the conduct complained of, in that they were not paid the amounts owed to them and that the Defendant Class Members promised to pay them.

## VI. CLASS ALLEGATIONS AS TO THE DEFENDANTS CLASS.

39. Plaintiff brings this complaint against the Defendant Total individually and on behalf of a class of all others similarly situated. DaVita operates as a single unit (or what it calls a village) for purposes of promises made to employees notwithstanding the creation of separate entities. To the extent there are separate entities operating different locations, each have the same interest as Total and DaVita and ultimately DaVita as the owner of any separate entities is affected by the claims made in this action.

40. The Defendant Class is comprised of all entities which are owned or controlled by the DaVita who:

    a. Has employees who are covered by the Teammates Policies Handbook published by DaVita, Inc.

    b. The employees worked for the Defendant Class Members on and after January 31, 2020;

    c. The Defendant Class Members did not pay premium pay, defined as 1.5 times their base rate, for any work performed since the declaration of the emergency.

41. Based on the number of clinics operated by the Defendant Class Members in the United States, upon information and belief, the class is so numerous as to make it impracticable to join all members of the class of plaintiffs. On information and belief, the class is comprised of tens if not hundreds of entities.

COMPLAINT - 8

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

42. There are questions of law and fact which are common to all members of the Defendant Class, which questions predominate over any question affecting only individual Defendant Class Members, the principal common issues are:

    a. whether Plaintiff Class Members are entitled to be paid premium time for the hours they worked for the Defendant Class Members since the declaration of an emergency.

    b. Whether the Plaintiff Class Members are entitled to prejudgment interest on any amounts they are owed by the Defendant Class Members.

43. The only individual questions concern the identification of Defendant Class Members and the computation of the relief that the defendant class members may be liable for and can be determined by a ministerial examination of the Defendant Class Members' electronically stored information.

44. Total's position or defenses to the claims are typical of the position or defenses of the Defendant Class Members. Upon information and belief, the Defendant Class Members treated all of the Plaintiff Class Members the same by failing to pay premium time since the declaration of an emergency as directed by DaVita.

45. Defendant Total will fairly and adequately protect the interests of all class members in the defense of this action. It is similarly situated to and provides its employees DaVita's company policies as set forth in the Teammates Policies Handbook and all of the Defendant Class Members treat its employees in accordance with its provisions. To that end, Defendant Total is likely to retain counsel experienced in handling class action suits involving claims as set forth in this complaint. Neither Total nor its counsel will have any interest which

COMPLAINT - 9

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

might cause them not to vigorously defend this action and the interests of the Defendant Class Members.

46. The Defendant Class Members have and are acting in a uniform manner with respect to the entire class and on grounds uniformly applicable to the class.

47. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48. The Defendant Class Members can more economically defend the claims rather than defend tens if not hundreds of individual actions.

49. The concentration of the litigation concerning this matter in this Court is desirable if the court.

50. A failure of justice will result from the absence of a class action.

## COUNT I – BREACH OF CONTRACT

51. The Plaintiff incorporates the foregoing paragraphs.

52. The Plaintiff Class Members entered into a contract with the Defendant Class Members for the wages to be paid for their services.

53. The contract set forth the rate of pay for the Plaintiff Class Members if there was an emergency declared.

54. The Defendant Class Members have breached their agreements with the Plaintiff Class Members by failing to pay them premium time for their work since the declaration of an emergency.

55. The Plaintiff Class Members have fully performed their obligations under the parties' agreement for the payment of wages promised.

COMPLAINT - 10

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

56. The Plaintiff Class Members have been damaged by the Defendant Class Members breach.

57. The Plaintiff Class Members are entitled to damages for the Defendant Class Members breach.

58. The Plaintiff Class Members are entitled to prejudgment interest on any liquidated amount of damages.

**Wherefore,** Plaintiff and Class Members pray that this court:

A. Certify this case as a class action with the named Plaintiff as class representative and his attorneys as counsel on behalf of the class described herein;

B. Certify a class of Defendants with the named Defendant as the representative of the Defendant Class;

C. Order appropriate compensatory damages in an amount to be determined at trial for the Plaintiff and the Class in excess of $75,000;

D. Award attorney's fees and costs if allowed by law;

E. Award prejudgment interest on any award; and

F. Provide such other or further relief as the Court deems appropriate.

Respectfully submitted,

Dated this 21st of October, 2020.

/s/ *Christina L Henry*
Christina L Henry, WSBA 31273
Counsel for Plaintiff
HENRY & DEGRAAFF, PS
787 Maynard Ave S
Seattle, WA 98104
TEL 206-330-0595
FAX 206-400-7609
chenry@hdm-legal.com

COMPLAINT - 11

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

| | |
|---|---|
| 1 | |
| 2 | J. Craig Jones |
| | (Pro Hac Vice to be filed) |
| 3 | JONES & HILL, LLC |
| | 131 Highway 165 South |
| 4 | Oakdale, LA 71463 |
| | TEL 318-335-1333 |
| 5 | FAX 318-335-1934 |
| | craig@joneshilllaw.com |
| 6 | |
| 7 | |
| | Scott C. Borison |
| 8 | (Pro Hac Vice to be filed) |
| | BORISON FIRM, LLC. |
| 9 | 1900 S. Norfolk Rd. Suite 350 |
| | San Mateo CA 94403 |
| 10 | TEL 301-620-1016 |
| | FAX 301-620-1018 |
| 11 | scott@borisonfirm.com |

COMPLAINT - 12

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609