# EXHIBIT C

# Christina Henry

| | |
|---|---|
| **From:** | J. Craig Jones <craig@joneshilllaw.com> |
| **Sent:** | Tuesday, April 6, 2021 3:20 PM |
| **To:** | Petersen, Chelsea D. (Perkins Coie) |
| **Cc:** | Christina Henry; Shook, Heather (Perkins Coie); Jasukaitis, Margo (Perkins Coie); Scott Borison; Craig Hill; Ragen Chamberlain; Angelina Conner |
| **Subject:** | Re: Hesketh v TRC |

Ms. Peterson:

Further to Ms. Henry's email to you of this day, you have an obligation under LCR 82.3(c) to confer with us about periods of significant unavailability.  If you are unavailability in the present instance (we are exchanging emails) that unavailability is significant by any measure because your co-counsel can make no decision without you and your absence forces us to unilaterally notice depositions, given the short delay within which we have to finish discovery.  Moreover, DaVita's position that you can accept a subpoena on their behalf but not notice, while at the same time you can speak for DaVita by objecting to the breath of the topics of the notice is, at best, curious.

That said, the clear import of your communications with Ms. Henry on March 31, 2021 was that you and DaVita felt the most expeditious way to proceed is for the plaintiff to name DaVita directly and drop the defendant class, a proposition with which we tend to agree.  However, you understand very well that we cannot drop the defendant class and name DaVita directly without an agreement that a suit again DaVita also includes all of its subsidiaries, obviating the need for a defendant class.

Please let us hear DaVita's position in regard of agreeing that if we drop the defendant class and name DaVita directly, that DaVita will also agree that a suit against DaVita includes all its subsidiary whose employees fit with the putative class.

We are happy to work with you to avoid having to take unilateral action but asking us to run the clock out on discovery is a dead letter.  We welcome  any suggestions at to  how we can get done what we need to get done if we do nothing until you return.

Regards,

J. Craig Jones



**J. Craig Jones** | **Complex Litigation**
**JONES & HILL TRIAL LAWYERS**
**131 Highway 165 South | Oakdale, LA 71463**
TEL **318-335-1333** | FAX **318-335-1934**
www.joneshilllaw.com

1



**This email site is not designated for receipt of service or notice:  FRCivP 5(b)(2)(E) & La CCivP 1313**

"Confidentiality Notice: This electronic message contains information which may be privileged and/or confidential. The information is intended for use only by the individual(s) or entity(ies) named/indicated above. BE ADVISED that any unauthorized access, disclosure, copying, distribution, or use of the content of this message/information is prohibited by federal law. Any attempt to intercept this message is in violation of 18 U.S.C. Sec. 2511(1) of the Electronic Communications Privacy Act (ECPA), which subjects the interceptor to fines, imprisonment and/or civil damages. Accordingly, if you have received this message in error, immediately contact J. Craig Jones or Sommer Coker at (318) 335-1333 and delete the message without reviewing, copying, or making further use of the information contained therein."

On Apr 6, 2021, at 3:32 PM, Petersen, Chelsea D. (Perkins Coie) <CDPetersen@perkinscoie.com> wrote:

Christina -

With regard to your comments below regarding my offer to discuss the defendant class, you once again appear to be having an issue with your correspondence. I sent my email the evening of Wednesday, March 31, in which I invited you to reach out to me. We then spent the next two full days together in depositions. I opened the topic and we had ample opportunity to discuss, yet the topic did not come up. I owe you no notification of my travel schedule (though I did previously indicate that I would be out).

If you are now interested in discussing, I would be happy to do so after my return.

I don't have any issue with setting a tentative date for the the 30(b)(6) deposition, but as noted previously, the notice as drafted is extraordinarily broad and may require multiple deponents. DaVita retains the right to object.

Finally, Heather and Margo are marvelous associates who I trust, but they are not lead counsel on this case and Heather was right to explain that discussion of these issues will need to wait a few days until I return. Beginning this evening I am unlikely to have any internet access for several days. I look forward to speaking with you when I return.

Thank you,
Chelsea

On Apr 6, 2021, at 9:23 AM, Christina Henry <chenry@hdm-legal.com> wrote:

Heather,

We spoke yesterday on the phone to confirm that your firm would accept service of the Subpoena for DaVita, Inc. that is set for April 20th at 1:30pm with the possibility that the deposition would be continued to the next day if necessary. Yesterday that subpoena was served via email as agreed.

On April 20th, 2021, your firm has also noticed a deposition for the Plaintiff at 10am and you expressed concern about the need to possibly continue his deposition if it does not conclude before 1:30pm, to which I agreed. I also note that we could be agreeable to move the deposition to 9AM to allow an additional hours for Mr. Hesketh's deposition on the 20th if needed.

We also tentatively set April 13, 2021 at 10:30am to discuss the deposition topics for DaVita's 30(b)(6) deposition and you agreed to confirm the date.

Lastly, we discussed the fact that Chelsea is out of the country for a week without any notice to us and that you and your co-counsel Margo are unable to discuss the matters in the email attached which are pressing as deadlines approach in this case. Please confirm that I have accurately stated that neither you nor your co-counsel Margo is at all available to discuss the following paragraph regarding the defendant's class that was raised at 3:16pm on Friday during a deposition in this case. The relevant paragraph from the email attached that needs immediate discussion is as follows:

"Potentially most important, the listed 30(b)(6) topics (as well as other discovery) reveal that plaintiff is focused on piecing together bits and pieces of information to establish the relationship between TRC and DaVita for purposes of establishing the defendant class. It would be helpful for us to understand why plaintiff has structured this case as a putative defendant class of DaVita subsidiaries as opposed to naming DaVita as a defendant. It may be possible for us to cut through this seemingly inefficient process by reaching an agreement as to the defendant class definition or otherwise stipulating to the structure. I invite your response and/or any suggestions as to how to proceed."

Thank you.

**Christina L. Henry,** *Attorney*
**Henry & DeGraaff, P.S.**
**787 Maynard Ave S**
**Seattle, Washington  98104**
**Tel 206/330-0595**
**Fax 206-400-7609**
**chenry@HDM-legal.com**

CONFIDENTIALITY NOTICE:  This e-mail may contain information that is protected by the attorney-client and/or the attorney-work product privilege.  It is intended only for the individual named above and the privileges are not waived by virtue of this having been sent by e-mail.  If you are not the intended recipient ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  If you have received this communication in error, please immediately notify us by return e-mail or telephone at

the e-mail address or telephone number listed above and destroy this transmission and any attachments without reading or saving in any manner.  Thank you

<mime-attachment>

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.