HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH J. HESKETH III, on his behalf
and on behalf of other similarly situated
persons,

               Plaintiff,

    v.

TOTAL RENAL CARE, INC., on its own
behalf and on behalf of other similarly
situated persons,

               Defendant.

No. 2:20-cv-01733-JLR

DEFENDANT TOTAL RENAL CARE
INC.'S ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT

Defendant Total Renal Care, Inc. ("Defendant" or "TRC") answers Plaintiff Joseph J. Hesketh's ("Plaintiff") Second Amended Complaint ("Complaint") as follows in paragraphs numbered to correspond to the paragraph numbers in the Complaint.

Except as specifically admitted, qualified, or otherwise answered, Defendant denies every allegation in the Complaint.

## I.    <u>OVERVIEW</u>

1.    The first sentence of paragraph one contains a legal conclusion to which a response is not required. Defendant denies the allegations of the second sentence of paragraph 1.

2.    Defendant admits DaVita Inc. was formerly known as Total Renal Care Holdings, Inc. Defendant admits there are approximately 56,973 DaVita teammates in the United States,

ANSWER TO SECOND AMENDED
COMPLAINT (No. 2:20-cv-01733-JLR) –1

152521311.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

according to DaVita's records as of November 30, 2020. Defendant denies it operates a "profit-driven" business model; it is a for-profit business comprised of DaVita (the parent company) and multiple subsidiaries, including Total Renal Care, Inc. Except as expressly admitted, Defendant denies the allegations in paragraph 2.

3. Defendant admits that it is a wholly-owned subsidiary of DaVita and that DaVita has 34 subsidiaries that have employed teammates during the relevant time period. Defendant also admits there is a single payroll system and pay practices utilized to administer payroll across the 34 subsidiaries. Except as expressly admitted, Defendant denies the allegations in paragraph 3.

4. Defendant admits it uses the term "village" to refer to the DaVita community. Defendant admits the DaVita logo appears on employees' paychecks. The legal entity under which the employee is paid (e.g., Total Renal Care, Inc.) is also listed on employees' paychecks. Except as expressly admitted, Defendant denies the allegations in paragraph 4.

5. Defendant admits that, according to DaVita's 2019 SEC Form 10-K, DaVita "provided dialysis and administrative services and related laboratory services throughout the U.S. via a network of 2,753 outpatient dialysis centers in 46 states and the District of Columbia." The 2019 Form 10-K speaks for itself. Except as expressly admitted, Defendant denies the allegations in paragraph 5.

6. Defendant admits that, according to DaVita's 2019 SEC Form 10-K, DaVita provided administrative services through a network of 2,753 outpatient dialysis centers in the United States. The 2019 Form 10-K speaks for itself. Defendant operates 64 outpatient dialysis centers in Washington state. Except as expressly admitted, Defendant denies the allegations in paragraph 6.

7. Defendant admits Plaintiff was hired June 11, 2007 and has been employed by TRC for more than thirteen years and currently works as an IT Specialist and has worked on a

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

fully remote basis during the COVID-19 pandemic.  Except as expressly admitted, Defendant denies the allegations in paragraph 7.

8.      Defendant admits the slogan "We Said, We Did" appears in internal communications.  Except as expressly admitted, Defendant denies the allegations in paragraph 8.

9.      Defendant admits DaVita maintains an employee handbook, which in January 2020 was titled "Teammate Policies."  The document speaks for itself.  Employees annually acknowledge they have read, understand, and will adhere to DaVita's employment policies and any changes to those policies.  Plaintiff Joseph Hesketh III signed such an acknowledgement related to the January 2020 Teammate Policies.  Declaration of Shawn Zuckerman ("Zuckerman Decl.") at ¶ 5, Ex. 4.  The January 2020 Teammate Policies handbook contains an express disclaimer that the policies do not create a contract of employment, either express or implied.  *Id*. at ¶ 2, Ex. 1.  Except as expressly admitted, Defendant denies the allegations in paragraph 9.

10.     Defendant admits the Teammate Policies handbook is made available to employees via DaVita's intranet, VillageWeb.  Employees acknowledge they understand and will adhere to the Teammate Policies and attest they have read the policies in the StarLearning program.  The "Teammate Acknowledgement" page in the StarLearning program states, "DaVita reserves the right to interpret, amend, modify, supersede, or eliminate policies, practices, or benefits … described in these policies … in its sole and absolute discretion. … I understand that the Teammate Policies, the Code of Conduct, and the DaVita Compliance program and their contents are not intended to create any contractual or legal obligations, express or implied, between DaVita and its teammates … ."  *See* Zuckerman Decl. ¶ 5, Ex. 4.  Except as expressly admitted, Defendant denies the allegations in paragraph 10.

11.     The allegations in paragraph 11 are not factual allegations for which an answer is required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 11.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

12. Defendant admits employees are required to acknowledge the Teammate Policies handbook. The remaining allegations in paragraph 12 are not factual allegations for which an answer is required. To the extent the paragraph contains factual allegations, except as expressly admitted, Defendant denies the allegations in paragraph 12.

13. Defendant admits that DaVita tracks which employees have or have not submitted an acknowledgment of the Teammates Policies handbook. Except as expressly admitted, Defendant denies the allegations in paragraph 13.

14. Defendant admits that the Teammate Policies handbook disclaims that the handbook is a contract. The disclaimer at the front of the Teammate Policies says:

> The Teammate Policies are designed to acquaint teammates with DaVita Inc. and provide some information about working at DaVita. These policies are not all-inclusive, but are intended to provide a summary of some of DaVita's policies. This edition replaces the Teammate Guidelines and all previously issued editions.
>
> Employment with DaVita is at-will. Just as all teammates have the right to end their work relationship with DaVita, with or without notice, and with or without cause, so too does DaVita have the same right. The language used in these policies and any verbal statements made by management are not intended to constitute a contract of employment, either express or implied, and they are not a guarantee of employment for a specific duration or any change to DaVita's policy of at-will employment. The policy of at-will employment can only be modified in writing, signed by a senior executive officer of the company.
>
> The Teammate Policies have been provided to offer guidance in handling many issues, but the policies also allow for latitude in their application to individual circumstances or as the needs of our business may warrant. Except for the policy of at-will employment, any policy may be canceled or modified at any time, at DaVita's sole discretion, with or without prior notice.

*See* Zuckerman Decl. ¶ 2, Ex 1. The document speaks for itself. According to Plaintiff, DaVita's contract disclaimers are written everywhere. Except as expressly admitted, Defendant denies the allegations in paragraph 14.

15. Defendant admits that the Teammate Policies handbook disclaims that the handbook is a contract. Defendant incorporates by reference its response in paragraph 14. *See* Zuckerman Decl. ¶ 2, Ex 1. The document speaks for itself. Except as expressly admitted, Defendant denies the allegations in paragraph 15.

ANSWER TO SECOND AMENDED
COMPLAINT (No. 2:20-cv-01733-JLR) –4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

16.     Defendant admits that it provides its teammates with the Teammate Policies, the Code of Conduct, and the DaVita Compliance program; teammates are trained on the policies; and teammates are annually asked to acknowledge that they have read, understand and agree to adhere to the policies.  Teammates sign an acknowledgment which states:

> As a DaVita teammate, I understand I am expected to read, understand and adhere to our Company's policies.  I will familiarize myself with the material in the Teammate Policies, the Code of Conduct and the DaVita Compliance Program, as well as any changes to them.  I understand that these policies and programs can be found on DaVita's VillageWeb and the People Services Page.  There will be a work station available to me upon reasonable request with access to the VillageWeb where these programs and policies may be found.  I understand that I am governed by the contents of the Teammates Policies, the Code of Conduct, and the DaVita Compliance Program, and I recognize that DaVita reserves the right to interpret, amend, modify, supersede or eliminate policies, practices or benefits (except employment at-will policies) described in these policies from time-to-time in its sole and absolute discretion.  No oral amendment to any policy or benefit described herein shall be effective.
>
> I understand that the Teammate Policies, the Code of Conduct and the DaVita Compliance Program and their contents are not intended to create any contractual or legal obligations, express or implied, between DaVita and its teammates; however, these policies do set forth the entire employment arrangement between me and DaVita with respect to the at-will nature of my employment relationship with DaVita.  Unless otherwise specified in a written contract of employment signed by me and a duly authorized official of DaVita, I recognize that my employment has no specific term and is at the mutual consent of myself and DaVita.  Accordingly, either DaVita or I can terminate my employment relationship at any time, with or without cause, with or without notice.

*See* Zuckerman Decl. ¶ 5, Ex 4.  Plaintiff signed this acknowledgement on January 8, 2020.  *Id*. The document speaks for itself.  Except as expressly admitted, Defendant denies the allegations in paragraph 16.

17.     Defendant admits that the contents of the Teammate Policies, the Code of Conduct, and the DaVita Compliance Program neither alter the at-will employment status of teammates nor create a contractual or legal obligation.  The Teammate Acknowledgment speaks for itself.  Defendant incorporates by reference its response in paragraph 16.  *See* Zuckerman Decl. ¶ 5, Ex 4.  Except as expressly admitted, Defendant denies the allegations in paragraph 17.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

18.     Defendant admits that, on an annual basis, it asks all employees to review the Teammate Policies, including any changes that have been made to the policies since employees' last review, and sign the acknowledgement described in Paragraph 16 of this Answer. Defendant incorporates by reference its response in paragraph 16. *See* Zuckerman Decl. ¶ 5, Ex 4. Except as expressly admitted, Defendant denies the allegations in paragraph 18.

19.     Defendant admits that it provides its teammates with access to the Teammate Policies; teammates are trained on the policies; and teammates are annually asked to acknowledge that they have read, understand, and agree to adhere to the policies. Defendant incorporates by reference its response in paragraph 16. *See* Zuckerman Decl. ¶ 5, Ex 4. Except as expressly admitted, Defendant denies the allegations in paragraph 19.

20.     Defendant admits that DaVita's disclaimers are clear that the policies can be changed at any time at DaVita's sole and absolute discretion, with or without prior notice. Defendant incorporates by reference its responses in paragraphs 14 and 16. *See* Zuckerman Decl. ¶ 2, Ex. 1; ¶ 5, Ex 4. The documents speak for themselves. Except as expressly admitted, Defendant denies the allegations in paragraph 20.

21.     Defendant denies the allegations in paragraph 21 in their entirety.

22.     Defendant admits that the Teammate Policies, the Code of Conduct, and DaVita Compliance Program apply to Defendant's employees. Except as expressly admitted, the remaining allegations in paragraph 22 are legal conclusions, not factual allegations; an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 22.

23.     Defendant admits that the Teammate Policies are guidelines that reflect expectations of employees as well as provide information regarding resources and other benefits available to its employees. Except as expressly admitted, Defendant denies the allegations contained in paragraph 23.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24.     Defendant admits that "Integrity" is a core value at DaVita.  Defendant also admits the slogan "We Said, We Did" appears in internal communications.  Except as expressly admitted, the remaining allegations in paragraph 24 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 24.

25.     Defendant admits that the Teammate Policies, the Code of Conduct, and DaVita Compliance Program apply to Defendant's employees.  Except as expressly admitted, the remaining allegations in paragraph 25 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 25.

26.     The allegations in paragraph 26 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 26.

27.     Defendant denies the allegations contained in paragraph 27.  As the Teammate Policies provide, "Employment with DaVita is at-will.  Just as all teammates have the right to end their work relationship with DaVita, with or without notice, and with or without cause, so too does DaVita have the same right."  *See* Zuckerman Decl. ¶ 2, Ex 1.  Teammates also acknowledge: "I recognize that my employment has no specific term and is at the mutual consent of myself and DaVita.  Accordingly, either DaVita or I can terminate my employment relationship at any time, with or without cause, with or without notice."  *Id*. ¶ 5, Ex. 4.  The documents speak for themselves.

28.     Defendant admits the January 2020 Teammate Policies handbook included a "Disaster Relief Policy."  This policy speaks for itself.  Zuckerman Decl. ¶ 3, Ex. 2.  Except as expressly admitted, Defendant denies the allegations in paragraph 28.

29.     Defendant incorporates by reference its response in paragraph 16.  *See* Zuckerman Decl. ¶ 5, Ex 4.  Except as expressly admitted, Defendant denies the allegations in paragraph 29.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

30.     Defendant admits the January 2020 Teammate Policies handbook includes a Section 4 titled "Pay Practices." The document speaks for itself. Except as expressly admitted, Defendant denies the allegations in paragraph 30.

31.     Defendant denies the allegations in paragraph 31 in their entirety.

32.     Defendant admits that its pay policies and pay practices "may be canceled or modified at any time, at DaVita's sole discretion, with or without prior notice." Zuckerman Decl. ¶ 2, Ex. 1. Defendant also admits that "DaVita reserves the right to interpret, amend, modify, supersede or eliminate policies, practices or benefits (except employment-at-will policies) described in [the Teammate Policies] from time-to-time in its sole and absolute discretion." *Id*. ¶ 5, Ex. 4. Except as expressly admitted, Defendant denies the allegations in paragraph 32.

33.     Defendant admits that the Teammate Policies provide employment guidelines as well as information regarding resources and benefits available to teammates. *See* Zuckerman Decl. ¶ 2, Ex. 1. Except as expressly admitted, Defendant denies the allegations in paragraph 33.

34.     Defendant admits that Section 4 of the Teammate Policies is titled "Pay Practices" and covers topics such as paydays, hours of work, rest breaks and meal periods, and expense and reimbursement. The document speaks for itself. Except as expressly admitted, Defendant denies the allegations in paragraph 34.

35.     Defendant admits that Section 4.5 of the Teammate Policies (titled "Hours of Work (Outside of California)") contains a subsection related to payment of overtime. The document speaks for itself. Except as expressly admitted, Defendant denies the allegations in paragraph 35.

36.     Defendant admits that Section 4.12 of the Pay Practices Section of the Teammate Policies is titled the "Disaster Relief Policy." Defendant admits that the Disaster Relief Policy provides pay continuance during a specifically identified emergency time frame at identified affected facilities or business offices. To incentivize teammates to continue to assist with

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

essential life-saving patient care and supportive functions during a natural disaster such as a hurricane, wildfire, or ice storm, premium pay is offered to those who are able to make it to work at an open facility or office despite challenges such as significant property damage, flooding, road closures, power outages, lack of water, or other significant disruptions. The Disaster Relief Policy provides that teammates who choose to or are forced by circumstances to shelter from a natural disaster rather than report to work at an open facility/office may take PTO. The Disaster Relief Policy also addresses other situations such as if a facility or office is closed or is open only limited hours. The Disaster Relief Policy also states, "The language used in this policy is not intended to constitute a contract of employment, either express or implied, to give teammates any additional rights to continued employment, pay or benefits, or to otherwise change DaVita's policy of at-will employment." Zuckerman Decl. ¶ 3, Ex. 2. The document speaks for itself and must be read in its entirety. Except as expressly admitted, Defendant denies the allegations in paragraph 36.

37. Defendant admits the Disaster Relief Policy states, "The Disaster Relief Policy provides for pay continuance during an emergency time frame when a declared emergency or natural disaster prevents teammates for performing their regular duties." Zuckerman Decl. ¶ 3, Ex. 2. The policy also states, "The emergency time frame (and affected facility or business office) will be identified on a case-by-case basis by local leadership (DVP, GVP and PSD) and the Disaster Governance Council, dependent on the severity of the disaster and location." *Id.* The document speaks for itself and must be read in its entirety. Except as expressly admitted, Defendant denies the allegations in paragraph 37.

38. The document speaks for itself and must be read in its entirety. Zuckerman Decl. ¶ 3, Ex. 2. Defendant admits the Disaster Relief Policy: "provides for pay continuance [1] during an emergency time frame when [2] a declared emergency or natural disaster [3] prevents teammates from performing their regular duties." Defendant also admits that as of January 2018, a "declared emergency or natural disaster" may be "proclaimed by either [1] the President of the

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

United States, [2] a state Governor or other elected official, or [3] if local leadership (DVP/Palmer) deems it appropriate." *Id.* Except as expressly admitted, Defendant denies the allegations in paragraph 38.

39.    The document speaks for itself and must be read in its entirety. Zuckerman Decl. ¶ 3, Ex. 2. Defendant admits that the Disaster Relief Policy provides, "The emergency time frame (and affected facility or business office) will be identified on a case-by-case basis by local leadership (DVP, GVP and PSD) and the Disaster Governance Council, dependent on the severity of the disaster and location." *Id.* Defendant also admits that if an "emergency time frame" has been declared, then the Disaster Relief Policy provides for premium pay for teammates who "report to their location and work their scheduled hours." *Id.* Except as expressly admitted, Defendant denies the allegations in paragraph 39.

40.    The document speaks for itself and must be read in its entirety. Zuckerman Decl. ¶ 3, Ex. 2. Except as expressly admitted, Defendant denies the allegations in paragraph 40.

41.    Defendant admits the Disaster Relief Policy states, "Unless state law requires otherwise, premium pay will be one-and-one half (1.5) times the teammate's base rate of pay." Except as expressly admitted, Defendant denies the allegations in paragraph 41.

42.    Defendant denies the allegations in paragraph 42 in their entirety.

43.    Defendant admits that the Disaster Relief Policy was created in 2017, and when it was created included, among other language, the following: "A declared emergency or natural disaster shall be proclaimed by either the President of the United States, a state Governor or other elected official, and if local leadership (DVP/Palmer) deems it appropriate."

44.    Defendant admits that the Disaster Relief Policy was revised and, as of January 2020, included, among other language, the following: "A declared emergency or natural disaster shall be proclaimed by either the President of the United States, a state Governor or other elected official, or if local leadership (DVP/Palmer) deems it appropriate." This change was made so that local leadership could make the determination to declare an emergency or natural disaster

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

even if there was no proclamation from the President of the United States, a state Governor or other elected official. Except as expressly admitted, Defendant denies the allegations in paragraph 44.

45.     Defendant denies the allegations in paragraph 45 in their entirety.

46.     Defendant admits as of January 2020, the Disaster Relief Policy provided that local leadership and the Disaster Governance Council had discretion to declare "on a case-by-case basis" and "dependent on the severity of the disaster and location" an "emergency time frame" and the "affected facility or business office." There is nothing in the Disaster Relief Policy or otherwise that requires the Disaster Governance Council to declare an emergency time frame or identify affected facilities. The document speaks for itself. *See* Zuckerman Decl. ¶ 3, Ex. 2. Except as expressly admitted, Defendant denies the allegations in paragraph 46.

47.     Defendant admits that it did not specifically predict the COVID-19 pandemic would occur in March 2020. Except as expressly admitted, the allegations in paragraph 47 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 47.

48.     The allegations in paragraph 48 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 48.

49.     Defendant admits President Trump declared a national emergency on March 13, 2020. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 49, and on that basis, denies the allegations contained therein in their entirety.

50.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 50, and on that basis, denies the allegations contained therein in their entirety.

ANSWER TO SECOND AMENDED
COMPLAINT (No. 2:20-cv-01733-JLR) –11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

152521311.5

51.     Defendant admits that DaVita maintains a business office in Washington state located in Federal Way.  Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 51, and on that basis, denies the allegations contained therein in their entirety.

52.     Defendant admits that as of March 2020, some business office employees who could work remotely were allowed to work remotely and did work remotely.  Plaintiff has worked remotely since 2019, including during the pandemic. He has not physically reported to his assigned office since 2019.  Defendant further admits its facilities and central business offices are an essential healthcare service, that some business office employees continued to work in the office, and that DaVita's facilities and business offices remained open and its teammates continued to work and treat patients during the pandemic.  DaVita's facilities and business offices never closed due to the pandemic.  Except as expressly admitted, Defendant denies the allegations in paragraph 52.

53.     Defendant admits that during the COVID-19 pandemic DaVita teammates in business office or support function roles, including Plaintiff, are able to perform their regular duties remotely.  Defendant admits that during the COVID-19 pandemic that teammates working directly with patients have continued to perform their regular duties as essential health care workers.  DaVita's patient-facing teammates are uniquely qualified to continue working during a health care emergency like COVID-19 because complying with infectious disease protocols is part of their training and job duties.  Such teammates are trained to work with patients who may have HIV/AIDS, hepatitis, and other infectious or contagious diseases.  Defendant further admits that some teammates were unable to work during the pandemic, such as in circumstances where they contracted COVID-19, or when a family member or person they lived with or cared for contracted COVID-19 and they had to quarantine, but, even then, some of these employees continued their regular duties on a remote basis.  Except as expressly admitted, Defendant denies the allegations in paragraph 53.

ANSWER TO SECOND AMENDED
COMPLAINT (No. 2:20-cv-01733-JLR) –12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

54.     Defendant admits that DaVita teammates, including Plaintiff, continued to perform their regular duties and work their regular hours during the pandemic. Defendant further admits that DaVita teammates are at-will employees, as the Teammate Policies provide that, "Employment with DaVita is at-will. Just as all teammates have the right to end their work relationship with DaVita, with or without notice, and with or without cause, so too does DaVita have the same right." *See* Zuckerman Decl. ¶ 2, Ex 1. Teammates also acknowledge: "I recognize that my employment has no specific term and is at the mutual consent of myself and DaVita. Accordingly, either DaVita or I can terminate my employment relationship at any time, with or without cause, with or without notice." *Id*. ¶ 5, Ex. 4. Except as expressly admitted, Defendant denies the allegations in paragraph 54.

55.     Defendant admits that some DaVita teammates inquired as to whether they would be paid premium pay under the Disaster Relief Policy, but Plaintiff did not request to be paid premium pay. Defendant further admits that in response it informed teammates:

> The Disaster Relief policy was created to address situations where natural disasters or emergencies prevent facilities from operating or teammates from being able to perform their regular duties such as physical destruction of clinics or people's homes, damaged roadways, collapsed bridges, etc. The Village has implemented this policy to help our teammates when such a disaster has happened: for example, during the destruction of Hurricane Harvey and Hurricane Irma. While COVID-19 has introduced complexities into our operations, our centers will remain open, teammates remain able to get to work, and therefore the Disaster Relief policy does not apply.

> To address the recent questions about the policy, we have added language to the policy to confirm how it operates in these circumstances. You can see a statement about that here.

> As always, the Village remains highly committed to supporting our teammates in this new and unprecedented situation that we all find ourselves in. It is in this spirit that Javier announced the Village Lives Award. It is also why we made the investment many years ago to offer back-up child care, and we remain committed to provide support to teammates who are in need through the DaVita Village Network. We are all one Village working hard together, to provide great care to our patients.

ANSWER TO SECOND AMENDED
COMPLAINT (No. 2:20-cv-01733-JLR) –13

152521311.5

Except as expressly admitted, Defendant denies the allegations in paragraph 55.

56.     See response to duplicative paragraph 47.

57.     Defendant admits the Disaster Relief Policy did not apply to the COVID-19 pandemic and informed all U.S. teammates on March 27, 2020 that it did not apply, including by stating:

> The Disaster Relief Policy does not apply to the COVID-19 crisis. The Disaster Relief Policy applies only when teammates are unable to perform their regular duties. The policy is effective upon a decision by local leadership and the Disaster Governance Council that a declared emergency or natural disaster prevents our facilities from operating or prevents our teammates from working. Under the COVID-19 crisis, our teammates are able to work and are essential in either in a supporting role for our health care workers or in actually providing healthcare services to patients.

Zuckerman Decl. ¶ 4, Ex. 3. As early as the end of March 2020, Plaintiff's paystubs made clear he had not been paid premium pay. Except as expressly admitted, Defendant denies the allegations in paragraph 57.

58.     Defendant admits the Disaster Relief Policy did not apply to the COVID-19 pandemic, and the Disaster Governance Council did not meet because the policy was not applicable. Defendant admits that teammates were not paid premium pay pursuant to the Disaster Relief Policy for the COVID-19 pandemic because the policy was inapplicable. Defendant admits that teammates continued to perform their regular duties and work their regular hours during the pandemic. *See also* Zuckerman Decl. ¶ 4, Ex. 3. Except as expressly admitted, Defendant denies the allegations in paragraph 58.

59.     Defendant denies the allegations contained in paragraph 59 in their entirety. The Disaster Relief Policy is effective upon a decision by local leadership and the Disaster Governance Council that a declared emergency or natural disaster prevents teammates from performing their regular job duties. Specifically, the Disaster Relief Policy provides that: "The emergency time frame (and affected facility or business office) will be identified on a case-by-case basis by local leadership (DVP, GVP and PSD) and the Disaster Governance Council,

ANSWER TO SECOND AMENDED
COMPLAINT (No. 2:20-cv-01733-JLR) –14

152521311.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   dependent on the severity of the disaster and location." See Zuckerman Decl. ¶ 4, Ex. 3. During

2   the COVID-19 pandemic, teammates continued to perform their regular job duties and facilities

3   remained open to provide essential healthcare services. No emergency time frame nor affected

4   facility or business office was identified for the COVID-19 pandemic, including for Plaintiff's

5   assigned office. The document speaks for itself and must be read in its entirety. Except as

6   expressly admitted, Defendant denies the allegations in paragraph 59.

7       60.     Defendant denies the allegations contained in paragraph 60 in their entirety.

8       61.     Defendant admits the Disaster Relief Policy did not apply to the COVID-19

9   pandemic, and that teammates continued to perform their regular duties during the pandemic.

10  Defendant incorporates by reference its response in paragraph 57. *See* Zuckerman Decl. ¶ 4, Ex.

11  3. Except as expressly admitted, Defendant denies the allegations in paragraph 61.

12      62.     Defendant denies the allegations in paragraph 62 in their entirety.

13      63.     Defendant denies the allegations in paragraph 63 in their entirety.

14      64.     Defendant denies the allegations in paragraph 64 in their entirety.

15      65.     Defendant admits that on March 27, 2020, it informed all U.S. teammates that the

16  Disaster Relief Policy did not apply to the COVID-19 pandemic. Defendant incorporates by

17  reference its response to paragraph 57. *See* Zuckerman Decl. ¶ 4, Ex. 3. Defendant also held a

18  "Voice of the Village" call, which all teammates were invited to attend, which explained to

19  teammates that the Disaster Relief Policy did not apply. Defendant admits that it inserted the

20  language in the policy. The document speaks for itself. Zuckerman Decl. ¶ 4, Ex. 3. Except as

21  expressly admitted, Defendant denies the allegations in paragraph 65.

22      66.     Defendant admits that it inserted the language in the policy. The document speaks

23  for itself. Zuckerman Decl. ¶ 4, Ex. 3. Except as expressly admitted, Defendant denies the

24  allegations in paragraph 66.

25      67.     Defendant denies the allegations in paragraph 67 in their entirety.

26

ANSWER TO SECOND AMENDED
COMPLAINT (No. 2:20-cv-01733-JLR) –15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## II. PARTIES

68. Defendant admits Plaintiff is an individual. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 68, and on that basis, denies the allegations contained therein in their entirety.

69. Defendant admits TRC is incorporated under California law and its principal place of business is in Colorado. Except as expressly admitted, Defendant denies the allegations in paragraph 69.

70. Defendant admits its parent company, DaVita Inc., is incorporated under Delaware law and its headquarters are located in Colorado.

## III. JURISDICTION AND VENUE

71. Defendant denies there are "Defendant Class Members." Defendant admits it does business in King County, Washington. Except as expressly admitted, Defendant denies the allegations in paragraph 71.

72. Defendant denies there are "Defendant Class Members." Defendant admits it does business in King County, Washington. Except as expressly admitted, Defendant denies the allegations and legal conclusion in paragraph 72.

73. Defendant admits it removed the action under the Class Action Fairness Act.

74. Defendant admits venue is proper.

## IV. ALLEGATIONS COMMON TO PLAINTIFF AND THE CLASS AGAINST THE DEFENDANT AND THE CLASS OF DEFENDANTS

75. Defendant admits that Plaintiff and some putative class members are employed by TRC, and that DaVita is the parent company of TRC. Except as expressly admitted, Defendant denies the allegations in paragraph 75.

ANSWER TO SECOND AMENDED
COMPLAINT (No. 2:20-cv-01733-JLR) –16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

152521311.5

76. Defendant admits many TRC employees continued working after January 31, 2020. Except as expressly admitted, Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77 in their entirety.

78. Defendant denies the allegations in paragraph 78 in their entirety.

79. Defendant denies the allegations in paragraph 79 in their entirety.

## V. CLASS ALLEGATIONS AS TO PLAINTIFF CLASS

80. The allegations in paragraph 80 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 80.

81. The allegations in paragraph 81 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 81.

a. The allegations in paragraph 81(a) are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 81(a).

b. The allegations in paragraph 81(b) are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 81(b).

82. The allegations in paragraph 82 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 82.

83. The allegations in paragraph 83 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 83.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

a. The allegations in paragraph 83(a) are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 83(a).

b. The allegations in paragraph 83(b) are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 83(b).

84. The allegations in paragraph 84 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 84.

85. The allegations in paragraph 85 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 85.

86. The allegations in paragraph 86 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 86.

87. The allegations in paragraph 87 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 87.

88. The allegations in paragraph 88 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 88.

89. The allegations in paragraph 89 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 89.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

90.     The allegations in paragraph 90 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 90.

91.     The allegations in paragraph 91 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 91.

92.     The allegations in paragraph 92 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 92.

## VI.     CLASS ALLEGATIONS AS TO THE DEFENDANTS CLASS

93.     Defendant admits DaVita is the parent company of TRC. Defendant admits it uses the term "village" to refer to the DaVita community. To the extent the paragraph contains factual allegations, and except as expressly admitted, Defendant denies the allegations in paragraph 93. The allegations in paragraph 93 are not factual allegations and/or are legal conclusions or argument for which an answer is not required

94.     The allegations in paragraph 94 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 94.

        a.      The allegations in paragraph 94(a) are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 94(a).

        b.      The allegations in paragraph 94(b) are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 94(b).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

    c.    The allegations in paragraph 94(c) are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 94(c).

    95.    The allegations in paragraph 95 are not factual allegations and/or are legal conclusions or argument for which an answer is not required.  To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 95.

    96.    The allegations in paragraph 96 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 96.

    97.    The allegations in paragraph 97 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 97.

    a.    The allegations in paragraph 97(a) are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 97(a).

    b.    The allegations in paragraph 97(b) are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 97(b).

    98.    The allegations in paragraph 98 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 98.

    99.    The allegations in paragraph 99 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 99.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

100. The allegations in paragraph 100 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 100.

101. The allegations in paragraph 101 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 101.

102. The allegations in paragraph 102 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 102.

103. The allegations in paragraph 103 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 103.

104. The allegations in paragraph 104 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 104.

105. The allegations in paragraph 105 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 105.

## <u>COUNT I - BREACH OF CONTRACT</u>

106. Defendant incorporates by reference the foregoing paragraphs of this Answer.

107. Defendant admits its teammates are provided the Teammates Policies handbook. Except as expressly admitted, the remaining allegations in paragraph 107 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 107.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

108.    The allegations in paragraph 108 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 108.

109.    The allegations in paragraph 109 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 109.

110.    The allegations in paragraph 110 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 110.

111.    The allegations in paragraph 111 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 111.

112.    The allegations in paragraph 112 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 112.

113.    The allegations in paragraph 113 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 113.

114.    The allegations in paragraph 114 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 114.

## COUNT II - GOOD FAITH AND FAIR DEALING

115.    Defendant incorporates by reference the foregoing paragraphs of this Answer.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

116.     The allegations in paragraph 116 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 116.

117.     Defendant admits the January 2020 "Teammate Policies" handbook included a "Disaster Relief Policy." This policy speaks for itself. Zuckerman Decl. ¶ 3, Ex. 2. Defendant further admits its teammates receive and review the policies. Except as expressly admitted, Defendant denies the allegations in paragraph 117.

118.     Defendant denies the allegations in paragraph 118 in their entirety.

119.     Defendant denies the allegations in paragraph 119 in their entirety.

120.     Defendant denies the allegations in paragraph 120 in their entirety.

121.     Defendant denies the allegations in paragraph 121 in their entirety.

122.     The allegations in paragraph 122 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 122.

## COUNT III - PROMISSORY ESTOPPEL

123.     Defendant incorporates by reference the foregoing paragraphs of this Answer.

124.     Defendant admits the January 2020 "Teammate Policies" handbook included a "Disaster Relief Policy." This policy speaks for itself. Zuckerman Decl. ¶ 3, Ex. 2. Defendant further admits the slogan "We Said, We Did" appears in internal communications. Except as expressly admitted, Defendant denies the allegations in paragraph 124.

125.     Defendant admits employees acknowledge they are "expected to read, understand and adhere to [Defendant's] policies," including the Teammate Policies, Code of Conduct and DaVita Compliance Program and any changes to them. The document speaks for itself. Zuckerman Decl. ¶ 5, Ex. 4. Except as expressly admitted, Defendant denies the allegations in paragraph 125.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

126. The allegations in paragraph 126 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 126.

127. The allegations in paragraph 127 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 127.

128. The allegations in paragraph 128 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 128.

129. The allegations in paragraph 129 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 129.

130. The allegations in paragraph 130 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 130.

131. The allegations in paragraph 131 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 131.

132. The allegations in paragraph 132 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 132.

133. The allegations in paragraph 133 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 133.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

134. The allegations in paragraph 134 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 134.

135. The allegations in paragraph 135are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 135.

## COUNT IV - UNJUST ENRICHMENT

136. Defendant incorporates by reference the foregoing paragraphs of this Answer.

137. The allegations in paragraph 137 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 137.

138. The allegations in paragraph 138 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 138.

139. The allegations in paragraph 139 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 139.

140. The allegations in paragraph 140 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 140.

141. The allegations in paragraph 141 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 141.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

142. The allegations in paragraph 142 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 142.

143. The allegations in paragraph 143 are not factual allegations and/or are legal conclusions or argument for which an answer is not required. To the extent the paragraph contains factual allegations, Defendant denies the allegations in paragraph 143.

## VII.    REQUEST FOR RELIEF

The remaining statements in Plaintiff's Complaint relate to Plaintiff's request for relief, to which no response is required. Defendant denies that Plaintiff is entitled to recover any relief whatsoever, including the relief he specifically seeks.

## VIII.    AFFIRMATIVE DEFENSES

By way of further answer to the Complaint, and without waiving any allegations previously denied, Defendant asserts the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are based on a policy that expressly disclaims contractual obligations. *See* Zuckerman Decl. ¶ 2, Ex. 1; ¶ 3, Ex. 2; ¶ 5, Ex. 4.

3. Defendant's obligations under the policy, if any, were not due because of the failure of conditions precedent. *See* Zuckerman Decl. ¶ 3, Ex. 3.

4. Plaintiff lacks standing to raise some or all of the claims of the putative Plaintiff Class Members.

5. Plaintiff's claims on behalf of the putative Plaintiff Class Members are barred by the Plaintiff's failure to meet all mandatory requirements of Federal Rule of Civil Procedure 23.

ANSWER TO SECOND AMENDED
COMPLAINT (No. 2:20-cv-01733-JLR) –26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

6. The claims alleged by the Plaintiff are neither common nor typical of those, if any, of the putative Plaintiff Class Members.

7. The Plaintiff is an inadequate representative of the putative Plaintiff Class Members.

8. The types of claims alleged by Plaintiffs are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

9. Plaintiff's claims, and those of any putative Plaintiff Class Members, are barred in whole or in part because Plaintiff and the putative Plaintiff Class Members have received all wages and benefits to which he/they were entitled.

10. Plaintiff and/or the putative Plaintiff Class Members' claims are barred in whole or in part by assumption of risk, contributory/comparative negligence, waiver, consent, estoppel, laches, and/or unclean hands.

11. Plaintiff's assertion that Defendant represents a putative class of Defendant Class Members is barred by the Plaintiff's failure to meet all mandatory requirements of Federal Rule of Civil Procedure 23.

12. The claims alleged against Defendant are neither common nor typical of those, if any, of the putative Defendant Class Members.

13. The named Defendant is an inadequate representative of the putative Defendant Class Members.

14. The types of claims alleged against the putative Defendant Class Members are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

15. Defendant has complied with all laws applicable to the allegations contained in the Complaint.

16. Plaintiff has failed to mitigate damages.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

17. There was no consideration for the alleged contract between the Defendant and Plaintiff and/or the putative Plaintiff Class Members.

18. After any execution of the contract alleged in the Complaint, and before any breach of the alleged contract, Plaintiff and/or the putative Plaintiff Class Members and Defendant agreed that any alleged contract should be waived, abandoned, and rescinded.

19. The alleged contract is not enforceable due to lack of mutuality of risk and obligation. The alleged contract does not bind Plaintiff and/or the putative Plaintiff Class Members to do anything in return for the Defendant's performance of it.

20. Plaintiff and/or the putative Plaintiff Class Members, by their continued employment and other conduct, released Defendant from any liability and/or obligations under the alleged contract.

21. Plaintiff's equitable claims are barred because Plaintiff and/or the putative Plaintiff Class Members could not have reasonably relied upon any promises of Defendant to their detriment.

22. Plaintiff's equitable claims are barred because Defendant did not breach a clear and unequivocal promise.

23. Plaintiff's claims are barred because any enrichment to Defendant was not unjust, and the remedy sought by Plaintiff would not avoid any injustice.

24. Plaintiff's claims are barred, in whole or in part, due to insufficiency in service of process because Plaintiff failed to sufficiently file and serve a timely Second Amended Complaint. *See* Fed. R. Civ. P. 12(b)(5); Dkt. #37, Dkt. #40.

25. Plaintiff's claims are barred, in whole are in part, because Plaintiff failed to comply with a Court order. *See* LCR 7(j); LCR 16(b)(4); Dkt. #37, Dkt. #40.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   Defendant reserves the right to amend this Answer or add other affirmative defenses as

2   necessary as the case progresses.

3                          IX.     **PRAYER FOR RELIEF**

4         WHEREFORE, Defendant requests the Court dismiss the Complaint in its entirety, award

5   Defendant its attorneys' fees, costs, and disbursements, and award Defendant such further relief

6   as the Court may deem appropriate.

7

8   DATED:  May 26, 2021                    By:  s/ Chelsea Dwyer Petersen
                                            By:  s/ Heather L. Shook
9                                           By:  s/ Margo S. Jasukaitis
                                            Chelsea Dwyer Petersen #33787
10                                          Heather L. Shook #56610
                                            Margo S. Jasukaitis #57045
11                                          **Perkins Coie LLP**
                                            1201 Third Avenue, Suite 4900
12                                          Seattle, WA  98101-3099
                                            Telephone:  206.359.8000
13                                          Facsimile:  206.359.9000
                                            Email: CDPetersen@perkinscoie.com
14                                                 HShook@perkinscoie.com
                                                   MJasukaitis@perkinscoie.com
15

16

17

18

19

20

21

22

23

24

25

26

ANSWER TO SECOND AMENDED
COMPLAINT (No. 2:20-cv-01733-JLR) –29

152521311.5

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on May 26, 2021, I electronically filed the foregoing **ANSWER TO SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Christina L Henry, WSBA 31273
Email: chenry@hdm-legal.com
HENRY & DEGRAAFF, PS
787 Maynard Ave S
Seattle, WA 98104
Telephone: 206-330-0595
Facsimile: 206-400-7609
*Attorney for Plaintiffs*

       \_\_\_\_ Via Hand Delivery
       \_\_\_\_ Via U.S. Mail, 1st Class, Postage Prepaid
       \_\_\_\_ Via Overnight Courier
       \_\_\_\_ Via Facsimile
       **X** Via E-Filing

J. Craig Jones, *Pro Hac Vice*
Email: craig@joneshilllaw.com
Craig Hill, *Pro Hac Vice*
Email: chill@joneshilllaw.com
JONES & HILL, LLC
131 Highway 165 South
Oakdale, LA 71463
Telephone: 318-335-1333
Facsimile: 318-335-1934
*Attorney for Plaintiffs*

       \_\_\_\_ Via Hand Delivery
       \_\_\_\_ Via U.S. Mail, 1st Class, Postage Prepaid
       \_\_\_\_ Via Overnight Courier
       \_\_\_\_ Via Facsimile
       **X** Via E-Filing

Scott C. Borison, *Pro Hac Vice*
Email: scott@borisonfirm.com
BORISON FIRM, LLC
1900 S. Norfolk Rd. Suite 350
San Mateo CA 94403
Telephone: 301-620-1016
Facsimile: 301-620-1018
*Attorney for Plaintiffs*

       \_\_\_\_ Via Hand Delivery
       \_\_\_\_ Via U.S. Mail, 1st Class, Postage Prepaid
       \_\_\_\_ Via Overnight Courier
       \_\_\_\_ Via Facsimile
       **X** Via E-Filing

DATED this 26th day of May 2020 in Seattle, Washington.

*s/ Kyle Koats*
Kyle Koats, Legal Practice Assistant

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000