# EXHIBIT D

```
 1              UNITED STATE DISTRICT COURT
 2             WESTERN DISTRICT OF WASHINGTON
 3                      AT SEATTLE
 4  _____
 5  JOSEPH J. HESKETH III, on his        )
    behalf and on behalf of other        )
 6  similarly situated persons,          )
                                         )
 7                Plaintiff,             )
                                         )
 8     vs.                               )No.
                                         )2:20-cv-01733-JLR
 9  TOTAL RENAL CARE, INC., on its       )
    own behalf and on behalf of          )
10  other similarly situated             )
    persons,                             )
11                                       )
                  Defendant.             )
12  _____
13
          REMOTE DEPOSITION UPON ORAL EXAMINATION OF
14
15                  JOSEPH J. HESKETH III
16  _____
17
18                      10:00 a.m.
19                     MAY 13, 2021
20                   CASCADE, MARYLAND
21
22  REPORTED BY:  LORRIE R. CHINN, RPR, CCR
    Washington Certified Court Reporter No. 1902
23  Oregon Certified Court Reporter No. 97-0337
    lorrie.chinn@chinncourtreporting.com
24  (Appearing Remotely)
25  Job No. CS4575722
```

```
 1                A P P E A R A N C E S
 2              (All appearing remotely)
 3
 4    FOR THE PLAINTIFF:
 5         CHRISTINA L. HENRY
           Henry & Degraaff, PS
 6         787 Maynard Avenue South
           Seattle, Washington 98104
 7         206.330.0595
           chenry@hdm-legal.com
 8
           J. CRAIG JONES
 9         Jones & Hill, LLC
           131 Highway 165 South
10         Oakdale, Louisiana 71463
           318.335.1333
11         craig@joneshilllaw.com
12         SCOTT C. BORISON
           Borison Firm, LLC
13         1900 South Norfolk Road, Suite 350
           San Mateo, California 94403
14         301.620.1016
           scott@borisonfirm.com
15
16    FOR THE DEFENDANT:
17         CHELSEA D. PETERSEN
           HEATHER SHOOK
18         MARGO JASUKAITIS
           Perkins Coie, LLP
19         1201 Third Avenue, Suite 4900
           Seattle, Washington 98101-3099
20         206.359.8000
           cdpetersen@perkinscoie.com
21         hshook@perkinscoie.com
           mjasukaitis@perkinscoie.com
22
23
      ALSO PRESENT:   COLLEEN LUDWIG
24
25
```

```
 1                        I N D E X
 2    EXAMINATION BY:                                        PAGE
 3    Ms. Petersen                                            5
 4
 5
 6   EXHIBITS FOR IDENTIFICATION                             PAGE
 7    Exhibit 1     DaVita Employment Application            16
 8    Exhibit 2     June 4, 2007, Offer Letter               24
 9    Exhibit 3     Plaintiff's Pay Statements               54
10    Exhibit 4     Stay Informed 4/22/2020 Village          68
                    Lives Award
11
      Exhibit 5     Teammate Policies January 2020           71
12
      Exhibit 6     Teammate Policies Acknowledgement        73
13                  January 2020
14    Exhibit 7     Attestation of policies updates          82
                    6/7/2020
15
      Exhibit 8     March 27, 2020, Email Communication     122
16
      Exhibit 9     Memo Re: Teammate Policies Section      130
17                  4.12
18    Exhibit 10    April 13 Update on COVID Email          137
19    Exhibit 11    COVID Everything You Need to Know       139
20    Exhibit 12    Atlas Polices and Procedures            142
                    Acknowledgement 9/8/2020
21
      Exhibit 13    Teammate Policies August 2020           144
22
      Exhibit 14    Village News                            148
23
      Exhibit 15    Hazard Pay Petition                     155
24
      Exhibit 16    Interrogatory Responses                 157
25
```

1   EXHIBITS FOR IDENTIFICATION                                   PAGE
2   Exhibit 17   Request for Production Responses                 159
3   Exhibit 18   GB Meeting Template Pre-Disaster                 165
                 August 2019
4
    Exhibit 19   Turkeys to Florida                               170
5
    Exhibit 20   Hesketh - Final Second Amended                   178
6                Complaint
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1              CASCADE, MARYLAND; MAY 13, 2021
 2                      10:00 a.m.
 3                        --oOo--
 4
 5                 JOSEPH J. HESKETH III,
 6              remotely sworn as a witness
 7             by the Certified Court Reporter,
 8                  testified as follows:
 9
10                       EXAMINATION
11   BY MS. PETERSEN:
12       Q.  Good morning, Mr. Hesketh.  My name is Chelsea
13   Petersen.  I am an attorney with Perkins Coie, who
14   represents Total Renal Care in this action.  Can you
15   please state your full name for the record?
16       A.  Joseph John Hesketh, followed by a Roman
17   number III.
18       Q.  And do you also go by JJ?
19       A.  I do go by JJ.
20       Q.  Okay.  Thank you.  So, first, just a few
21   preliminaries that have to do with the remote nature of
22   this deposition.  Can you clearly see and hear me?
23       A.  Yes.
24       Q.  Good.  And are you currently having any
25   issues -- technical issues with your internet
```

1  behaving this way but management is behaving in a
2  different way, it's very confusing for me as a
3  teammate.
4      Q.  I see.  So fair to say that you view the
5  actions of these folks providing turkeys to be a
6  positive?
7      A.  Absolutely.
8      Q.  Okay.  But you're contrasting that with what
9  you say is behavior by leadership that is not positive,
10 right?
11     A.  That's correct.  That's correct.
12     Q.  Okay.
13     A.  What documents did you skip?  You started
14 renumbering, so --
15     Q.  I did.  Yeah, there were one or two that I
16 pulled out here, but we don't even need to go into
17 them.  I'm trying to streamline a bit here.
18     A.  Okay.  That's fine.  I'm just curious.
19     Q.  Sure.  All right.  So we're, as I said, kind
20 of nearing the end here.  Help me understand, if you
21 would, though, why did you decide to file this lawsuit?
22     A.  Because DaVita has a saying.  All for one,
23 meaning that all of us work for the one patient, and
24 one for all.  It is my belief that all of the
25 clinicians and the people on the front lines deserve to

1  be paid as per the disaster policy that DaVita had
2  presented.
3          DaVita does not differentiate between a
4  clinician and the IT guy that works behind the scenes
5  making sure that everything functions as needed in
6  hardware and in software spaces so that the clients can
7  be treated respectfully and get their blood cleaned.
8          Okay?  So I am fighting for all of them.  I am
9  the one for all.  I want to represent and get these
10 people the help that they need financially because of
11 the amount of stress that is put on everybody's life.
12 I'm very distraught that DaVita had money to make these
13 payments and chose not to do it and then later said,
14 "Oh, did does that too fast."
15         It's just appalling to me that the company
16 with which -- the village which I worked for for
17 14 years has suddenly done this turnaround where it's
18 okay for us to get you guys to do things.  "But because
19 we have it written that we can what we want, we can
20 change things the way we went, then we're going to do
21 that."
22         That's not integrity and it's not
23 accountability.  And that really bothers me that all
24 this time they've been fooling me.  They want me to
25 believe in all these things and do all things.  One for

1  all, one for all, we said, we did.  And, yeah, they
2  said they did.  They said they could change it, and
3  they sure did, and that was not right.
4        Q.  What do you hope then to get out of this
5  lawsuit?  What do you hope the result is of the
6  lawsuit?
7        A.  I hope the result is that we get our -- that
8  all of the people identified get paid premium pay for
9  the hours that they worked from the beginning of the
10 pandemic until whenever it's completed because it's not
11 over yet.
12       Q.  So the goal would be for the company to pay
13 premium pay starting when?
14       A.  When the disaster was declared by the
15 president of the United States or the governor of
16 Washington.  Because it was originally filed in
17 Washington.  DaVita chose to move it to federal court.
18 So at that point it would be whenever the -- not when
19 the governor said it, but when the president said it.
20       Q.  Okay.  So seeking premium pay from when the
21 president declared the emergency related to COVID-19
22 through today; is that right?
23       A.  Well, through -- yeah, through to the point
24 where it is declared that it's no longer a disaster or
25 an emergency, which hasn't occurred yet.

Page 185

REPORTER'S CERTIFICATE

I, LORRIE R. CHINN, the undersigned Certified Court Reporter, pursuant to RCW 5.28.010 authorized to administer oaths and affirmations in and for the State of Washington, do hereby certify:

That the sworn testimony and/or remote proceedings, a transcript of which is attached, was given before me at the time and place stated therein; that any and/or all witness(es) were duly sworn remotely to testify to the truth; that the sworn testimony and/or remote proceedings were by me stenographically recorded and transcribed under my supervision, to the best of my ability; that the foregoing transcript contains a full, true, and accurate record of all the sworn testimony and/or remote proceedings given and occurring at the time and place stated in the transcript; that a review of which was not requested; that I am in no way related to any party to the matter, nor to any counsel, nor do I have any financial interest in the event of the cause.

WITNESS MY HAND AND DIGITAL SIGNATURE this 18th day of May, 2021.

*Lorrie R. Chinn*

LORRIE R. CHINN, RPR, CCR
Washington State Certified Court Reporter No. 1902
Oregon State Certified Court Reporter No. 97-0337
lorrie.chinn@chinncourtreporting.com